IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BONNY GRIGOR, § | |
|     *Plaintiff,* § | |
| § | |
| vs. § | Civil Action No. 1:23-CV-00241 |
| § | |
| OTIS LUSE AND JUSTIN § | |
| JACKSON, § | |
|     *Defendants.* § | |

**PLAINTIFF BONNY GRIGOR'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, BONNY GRIGOR ("GRIGOR" or "Plaintiff"), files this Complaint against Defendants, OTIS LUSE ("LUSE") and JUSTIN JACKSON ("JACKSON"), for cause of action would show unto the Court as follows:

**PARTIES**

1. The Plaintiff, BONNY GRIGOR, is an individual who resides at 20929 Waterside Dr. Lago Vista, Travis County, Texas, 78645.

2. The Defendant, OTIS LUSE, is an individual who resides at 3404 American Dr. APT 2100, Lago Vista, Travis County, Texas 78645.

3. The Defendant, JUSTIN JACKSON, is an individual who resides at 15234 Faubion Trl., Leander, Travis County, Texas 78641.

**JURISDICTION**

4. This cause of action arises under 18 U.S.C. § 2511 et. seq. and 18 U.S.C. § 2701.

5. The Court has original jurisdiction over this controversy under 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

## VENUE

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

7.  This lawsuit arises out of a coordinated effort on the part of Defendant LUSE to intentionally intercept and make use of electronic communications in connection with the unlawful access to the computer, Google account, and smartphone of Plaintiff GRIGOR. The parties to this lawsuit are not strangers to one another. GRIGOR was in a romantic relationship with LUSE from 2011 to December of 2019.

8.  From December 2019 to June 2022, the relationship between GRIGOR and LUSE turned from friendly to somewhat antagonistic when LUSE filed a petition for divorce, through his attorney, JACKSON, in Travis County, Texas, claiming that the couple had been informally married pursuant to Texas Family Code § 2.401(a)(2). The issue as to whether LUSE and GRIGOR were married has been the subject of ongoing litigation.

9.  GRIGOR became aware that LUSE had accessed her computer, Google Account, and smartphone without her knowledge or consent on February 21, 2023, when JACKSON, in his role as LUSE's attorney, disclosed numerous documents that had clearly been obtained from GRIGOR's computer, Google account, and smartphone without GRIGOR's knowledge or consent.

10. Specifically, on February 21, 2023, JACKSON disclosed two folders amongst LUSE's Second Amended Disclosures titled "Bonny Matt" and "Bonny Doug." The communications contained in the "Bonny Matt" and "Bonny Doug" folders disclosed

by JACKSON were given to him by LUSE who illegally accessed the communications from GRIGOR's computer, Google account, and smartphone without GRIGOR's knowledge or consent.

11. The "Bonny Matt" folder contained 46 documents consisting of 21 photographs of GRIGOR's computer and 18 photographs of GRIGOR's smartphone. Of the 21 photographs of GRIGOR's computer, 15 of the photographs were private, and somewhat intimate photos of GRIGOR that were sent electronically to Matthew Damon, and 6 were photos of GRIGOR's Google Timeline showing dates, times, and locations of her whereabouts on any given day. Of the 18 photographs of GRIGOR's smartphone, 11 were private pictures of GRIGOR, 2 were photographs of private messages between GRIGOR and Matthew Damon, and 3 were photographs of information regarding her location.

12. The "Bonny Doug" folder contained 129 documents consisting of 71 photographs of GRIGOR's smartphone and 9 photographs of GRIGOR's computer. Of the 71 photographs of GRIGOR's smartphone, 45 photographs were private photographs that were sent electronically to Doug Smith, and one was a photograph of GRIGOR's call and message history with Doug Smith.

13. LUSE further disclosed the contents of the "Bonny Doug" folder to CHERYL YVONNE SMITH for use in her pending divorce from Doug Smith.

14. While it is unclear what dates LUSE illegally accessed GRIGOR's computer, Google account, and smartphone, it is clear that he did so without her knowledge or her consent, in order to gain an advantage over her in their pending divorce.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Federal Wiretap Act ("FWA")
### 18 U.S.C. § 2511 et. seq.
### Against Both Defendants

15. GRIGOR re-alleges all the facts set forth in the preceding paragraphs as if fully set forth herein. The Federal Wiretap Act prohibits the willful interception of electronic communications as well as the disclosure and the use of the contents of said communications. 18 U.S.C. § 2511 et. seq. The actions of LUSE violate the FWA because he willfully intercepted GRIGOR's electronic communications when he illegally accessed her computer, Google account, and smartphone where all her electronic communications are stored. LUSE further violated the FWA when he intentionally made use of and disclosed information, he obtained by means of his interception of GRIGOR's electronic communications to JACKSON, CHERYL YVONNE SMITH, and other as yet unidentified individuals. As a result of LUSE's willful conduct in violation of the FWA, GRIGOR has suffered actual damages and she is entitled to recover all her actual damages or statutory damages in the greater amount of $100 for each day of violation or $10,000.00. 18 U.S.C. § 2520(c)(2).

16. JACKSON violated the FWA on February 21, 2023, when he illegally disclosed and made use of the electronic communications LUSE intercepted from GRIGOR by serving the electronic communications on GRIGOR's attorney in the pending family law action. Under the FWA, JACKSON is liable to GRIGOR for statutory damages in the greater amount of $100 for each day of violation or $10,000.00. 18 U.S.C. § 2520(c)(2).

**SECOND CAUSE OF ACTION**
**Violation of the Texas Criminal Wiretap Act ("TCWA")**
**Texas Penal Code § 16.02 and Texas Code of Criminal Procedure art. 18.20**
**Against Both Defendants**

17. GRIGOR re-alleges all of the facts set forth in the preceding paragraphs as if fully set forth herein. In addition to violating the FWA, LUSE and JACKSON also violated the Texas Criminal Wiretap Act. Like the FWA, the TCWA also prohibits the intentional interception of electronic communications as well as the disclosure and use of the contents of said communications. LUSE violated the TCWA when he intentionally intercepted all of GRIGOR's electronic communications by accessing GRIGOR's computer, Google account, and smartphone without her knowledge or consent. LUSE also violated the TCWA when he intentionally made use of and disclosed information obtained by means of his interception of GRIGOR's electronic communications by distributing that information to JACKSON, CHERYL YVONNE SMITH, and other as yet unidentified individuals. As a result of LUSE's willful conduct in violation of the TCWA, GRIGOR has suffered actual damages that she is entitled to recover. Alternatively, GRIGOR is entitled to recover statutory damages in the amount of $100 a day for each day LUSE violated the TCWA. Tex. Code Crim. Pro. Art. 18.20 Sec. 16(a)(1).

18. JACKSON violated the TCWA on February 21, 2023, when he illegally disclosed and made use of the electronic communications LUSE intercepted from GRIGOR by serving the electronic communications on GRIGOR's attorney in the pending family law action. JACKSON's violations of the TCWA have caused GRIGOR actual damages. Alternatively, JACKSON is liable to GRIGOR for statutory damages

in the amount of $100 a day for each day JACKSON violated the TCWA. Tex. Code Crim. Pro. Art. 18.20 Sec. 16(a)(1).

### THIRD CAUSE OF ACTION
### Violation of the Stored Communications Act ("SCA")
### 18 U.S.C. § 2701 et. seq.
### Against Defendant LUSE

19.     GRIGOR re-alleges all of the facts set forth in the preceding paragraphs as if fully set forth herein. The Stored Communications Act provides a cause of action against anyone who "intentionally accesses without authorization a facility through which an electronic communication service is provided . . . and thereby obtains, alters, or prevents access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a)(1) and (2). Basically, violations of the SCA are akin to the tort of trespass because the SCA protects privacy and proprietary rights. The actions of LUSE violate the SCA because he willfully accessed GRIGOR's electronic communications when he illegally accessed GRIGOR's Google account where all of her electronic communications are stored. LUSE further violated the SCA when he intentionally made use of and disclosed information he obtained by means of accessing GRIGOR's electronic communications to JACKSON, CHERYL YVONNE SMITH, and other as yet unidentified individuals. As a result of LUSE's willful conduct in violation of the SCA, GRIGOR has suffered actual damages and she is entitled to recover all her said damages.

### FOURTH CAUSE OF ACTION
### INTRUSION ON SECLUSION
### Against Defendant LUSE

20. GRIGOR re-alleges all of the facts set forth in the preceding paragraphs as if fully set forth herein. LUSE intentionally intruded on GRIGOR's private affairs when he accessed her computer, Google account, and her smartphone and intercepted her electronic data. LUSE intentionally intruded upon the privacy of GRIGOR when LUSE accessed GRIGOR's computer, Google account, and smartphone that contained all GRIGOR's personal information including emails, text messages, contacts, photographs, financial information, and personal health information. LUSE intentionally intruded upon the privacy of GRIGOR when he accessed and intercepted all GRIGOR's personal and confidential emails, photographs, and text messages during the pendency of their divorce. These willful intrusions into GRIGOR's private affairs were highly offensive to GRIGOR. As a direct result of LUSE's intentional intrusion into her private affairs, GRIGOR suffered injury, mental anguish, and damages.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTION DISTRESS
### Against Defendant LUSE

21. GRIGOR re-alleges all of the facts set forth in the preceding paragraphs as if fully set forth herein. LUSE intentionally caused GRIGOR severe emotional distress by illegally accessing, disclosing, and using GRIGOR's computer, Google account, and smartphone. The acts committed by LUSE to illegally access GRIGOR's computer, Google account, and smartphone is extreme and outrageous behavior that rises to the level of a criminal offense. The outrageous conduct of LUSE proximately caused

GRIGOR emotional distress, and no alternative cause of action provides a remedy for the recovery of damages for the severe emotional distress she has suffered.

## ATTORNEY'S FEES

22. GRIGOR re-alleges all of the facts set forth in the preceding paragraphs as if fully set forth herein. GRIGOR was forced to retain counsel to address and remedy the Defendants' illegal access to her computer, Google account, and smartphone and Defendant's illegal interception of GRIGOR's electronic communications in violation of the FWA, TCWA, and SCA. Accordingly, Grigor is entitled to recover and is seeking the recovery of the reasonable attorney's fees she has incurred. See 18 U.S.C. § 2520(c)(3); Tex. Code Crim. Pro. Art. 18.20 Sec. 16(a)(3); and as a loss under 18 U.S.C. § 1030(e)(11).

## EXEMPLARY DAMAGES

23. GRIGOR re-alleges all of the facts set forth in the preceding paragraphs as if fully set forth herein. GRIGOR is entitled to exemplary damages pursuant to 18 U.S.C. § 2520(b)(2) and Tex. Code Crim. Pro. Art. 18.20 Sec. 16(a)(2). Here, the Defendants acted willfully, unlawfully, maliciously, and in wanton disregard of GRIGOR's privacy and feelings by illegally accessing her computer, Google account, smartphone, and intercepting her electronic communications. Accordingly, GRIGOR is hereby demanding exemplary damages against the Defendants in the sum of $250,000.00.

## JURY DEMAND

24. GRIGOR hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for a judgment against the Defendants jointly and severally as follows:

(a) Actual Damages in the sum of not less than $1,000,000.00;

(b) Exemplary Damages in the sum of $250,000.00;

(c) Costs of court and reasonable and necessary attorney's fees;

(d) And for all such further and other relief that is proper and just.

Respectfully Submitted,

**HEINRICH CHRISTIAN, PLLC**
401 N. Lampasas Street
Round Rock, Texas 78664
Telephone No.: (512) 478-7466
Facsimile No.: (512) 485-4102
wesley@heinrichchristian.com

*/s/ Wesley D. Lunkley*
**WESLEY D. LUNKLEY**
State Bar No. 24106232
ATTORNEY FOR PLAINTIFF